**UNITED STATES of America**

v.

**Nolty KIFF, Sr., et al.**

**No. CRIM.A. 05–049.**

United States District Court,
E.D. Louisiana.

June 1, 2005.

Pauline Hardin, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Nolty Kiff, Sr (1), Defendant.

Jeffrey L. Smith, Jeffrey L. Smith, Attorney at Law, New Orleans, LA, for Nolty Kiff, Jr (2) also known as Chunky (2), Defendant.

Frank G. DeSalvo, Frank G. DeSalvo, A Professional Law Corp., New Orleans, LA, for Clint Kiff (3) also known as Wood (3), Defendant.

Michael Reese Davis, Sharp, Henry, Cerniglia, Colvin, Weaver & Hymel, New Orleans, LA, for Tommy Fletcher (4), Defendant.

Margaret E. Alverson, Margaret E. Alverson, Attorney at Law, New Orleans, LA, for Daphne Gilbert (5), Defendant.

Shaun G. Clarke, Liskow & Lewis, New Orleans, LA, for Johnny Jerome Krummel (6) also known as Jerome Krummel (6), Defendant.

Donald M. Soignet, Donald M. Soignet, Attorney at Law, Metairie, LA, Virginia Laughlin Schlueter, Federal Public Defender, New Orleans, LA, for Joseph Krummel (7), Defendant.

Robert F. Fleming, Jr., Robert F. Fleming, Jr., Attorney at Law, Metairie, LA, Virginia Laughlin Schlueter, Fed. Public Defender, New Orleans, LA. for Jessie James Krummel (8), Defendant.

Birch Pedigo McDonough, McDonough & Tanet, New Orleans, LA, for Ricky Fitzgerald (9), Defendant.

Robert P. Early, Sr., Robert P. Early, Sr., Attorney at Law, Gretna, LA, for Colbey Rodrigue (10), Defendant.

Arcenious Francis Armond, A.F. Armond, Attorney at Law, Gretna, LA, Robert James Pastor, Robert J. Pastor, Attorney at Law, New Orleans, LA, for James Rodrigue (11), Defendant.

Christopher Cox, U.S. Attorney's Office, Tania Christina Tetlow, U.S. Attorney's Office, New Orleans, LA, for United States of America, Plaintiff.

## ORDER AND REASONS

LEMMON, District Judge.

**IT IS HEREBY ORDERED:**

(1) The Motions to Dismiss Indictment Based on Multiplicity filed by Tommy Fletcher (Document 47) and James Rodrigue (Document 85) are **DENIED**.

(2) The Motions to Dismiss Count One for Failure to State an Offense filed by Tommy Fletcher (Document 48) and James Rodrigue (Document 83) are **DENIED**.

(3) The Motions to Sever Counts 13, 14, and 15 filed by Tommy Fletcher (Document 40) and James Rodrigue (Document 82) are **DENIED**.

(4) The Motions to Dismiss Count One Based on Multiplicity filed by Tommy Fletcher (Document 50) and James Rodrigue (Document 84) are **DENIED**.

(5) The Motion for Severance at Trial filed by Daphne Gilbert (Document 103) is **DENIED**.

(6) The Appeal of Detention Order filed by Daphne Gilbert (Document 78) is **GRANTED.**[1]

---

1. Defendants Colbey Rodrigue, Nolty Kiff, Sr., Nolty Kiff, Jr., Ricky Fitzgerald, Daphne Gilbert, Jessie James Krummel, and Clint Kiff adopted Documents 47, 48, 49, and 50, and

Jessie James Krummel adopted Document 103. The court denies these motions as to the adopting defendants.

## A.  Background.

On February 17, 2005, the government filed a fifteen-count indictment charging certain combinations of eleven defendants (Nolte Kiff, Sr., Nolte Kiff, Jr., Clint Kiff, Tommy Fletcher, Daphne Gilbert, Johnny Jerome Krummel, Joseph Krummel, Jessie James Krummel, Ricky Fitzgerald, Colbey Rodrigue, and James Rodrigue) with conspiracy to commit arson, interference with commerce through robbery, theft from an interstate carrier, larceny of a railcar, witness tampering, perjury, violations of the federal firearms laws, and violations of the federal controlled substances act (see attachment one).  The government alleges that these crimes occurred between December 1999 and February 2005.

## B.  Analysis.

### 1. Defendants Tommy Fletcher's and James Rodrigue's Motions to Dismiss Counts Five and/or Six Based on Multiplicity (Documents 47 and 85).

■ Count Five charges defendants Tommy Fletcher, James Rodrigue, and others with a violation of 18 U.S.C. § 2117:

> From on or about November 27, 2002 through on or about November 29, 2003, in the Eastern District of Louisiana, the defendants ... willfully entered container trailers mounted on railears under the lease and care of BNSF Railway Company, located in the BNSF Railway Company yard in Bridge City, Louisiana, containing an interstate shipment of freight in transit from California to Louisiana, with intent to commit a larceny thereon, in violation of Title 18, United States Code, Section 2117.

Count Six charges defendants Fletcher, Rodrigue, and others with a violation of 18 U.S.C. § 659:

> On or about · November 27, 2002 through on or about November 29, 2003, in the Eastern District of Louisiana, the defendants ... unlawfully, willfully and knowingly, and with intent to convert to their own use, did steal, take and carry away and by fraud and deception obtain goods and chattels of a value in excess of $100, that is approximately $50,000 worth of electronics, from container trailers mounted on railcars under the lease and care of BNSF Railway Company, located in the BNSF Railway Company yard in Bridge City, Louisiana, a common carrier moving in interstate or foreign commerce, in violation of Title 18, United States Code, Section 659.

Defendants argue that the elements of Count Six "as charged" necessarily encompass the elements of Count Five.

■ "[M]ultiplicity" is the charging of a single offense under more than one count of an indictment. · *United States v. Soape,* 169 F.3d 257, 266 (5th Cir.), cert. denied, 527 U.S. 1011, 119 S.Ct. 2353, 144 L.Ed.2d 249 (1999).  The Fifth Circuit has "consistently held that '[t]he test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not.'"  *United States v. Tucker,* 345 F.3d 320, 337 (5th Cir.2003).  Additionally, "[i]n applying this test, we examine not the particular circumstances involved in the case before us, but the statutory elements."  *United States v. Lankford,* 196 F.3d 563, 577 (5th Cir.1999), cert. denied, 529 U.S. 1119, 120 S.Ct. 1984, 146 L.Ed.2d 812 (2000); see also *Soape,* 169 F.3d at 266 (court must determine whether "all violations" of one statute constitute violations of the other).

Under this test, the two statutes at issue in Counts Five and Six criminalize different conduct, and Counts Five and·Six are not multiplicitous.  18 U.S.C. § 659 provides, in relevant part:

Whoever embezzles, steals, or unlawfully takes, carries away, or by fraud or deception obtains with intent to convert to his own use any baggage which shall have come into the possession of any common carrier for transportation in interstate or foreign commerce or breaks into, steals, carries away, or conceals any of the contents of such baggage, or buys, receives, or has in his possession any such baggage or any article therefrom of whatever nature, knowing the same to have been embezzled or stolen ... [s]hall ... be fined under this title or imprisoned not more than ten years, or both ....

By contrast, 18 U.S.C. § 2117 provides that:

Whoever breaks the seal or lock of any railroad car, vessel, aircraft, motortruck, wagon or other vehicle or of any pipeline system, containing interstate or foreign shipments of freight or express or other property, or enters any such vehicle or pipeline system with intent in either case to commit larceny therein, shall be fined under this title or imprisoned not more than ten years, or both.

§ 659 requires proof of several elements that § 2117 does not, namely that the goods that were stolen were in the possession of a common carrier, and that the defendant actually took or obtained the goods. Also, § 2117 requires proof of an element § 659 does not, namely that there was an entry into the rail car with intent to commit larceny therein (by way of example, someone who enters a rail car without intent to steal, but who then decides to steal something from the rail car, would violate § 659, but not § 2117). Because the two statutes require proof of different elements, they are not multiplicitous, and defendants' motions are denied.

## 2. Defendants Tommy Fletcher's and James Rodrigue's Motions to Dismiss Count Five for Failure to State an Offense (Documents 48 and 83).

■ Defendants argue that Count Five states no offense because it alleges only that defendants "wilfully entered container trailers mounted on railcars" intending to rob them, but 18 U.S.C. § 2117 requires that they entered a "railroad car, vessel, aircraft, motortruck, wagon, or other vehicle or ... any pipeline system." The key issue is whether "container trailers mounted on railcars" are to be considered "railroad car[s]" or "other vehicle[s]" for purposes of § 2117.

There are no cases from any jurisdiction addressing this issue. Both parties cite 1 U.S.C. § 4, which provides that the term "vehicle" includes "every description of carriage or artificial contrivance used, or capable of being used, as a means of transportation on land." This court holds that a container fits this definition. *See* Oxford English Dictionary *Container* (2d ed.1989) (defining "container," in relevant part, to be "a large box-like receptacle of standardized design for the transportation of freight by road, rail, or sea"). Accordingly, defendants' motion is denied.

## 3. Defendants Tommy Fletcher's and James Rodrigue's Motions to Sever Counts 13, 14, and 15 (Documents 49 and 82).

Defendants argue that Counts 13, 14, and 15, the cocaine distribution counts against Nolty Kiff, Jr., should be severed from the remainder of the indictment.

■ Under Rule 8 of the Federal Rules of Criminal Procedure, Counts 13, 14, and 15 were properly brought in the same indictment as the other charges. Rule 8(b), which governs "Joinder of Defendants," provides that an indictment may

"charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Because Nolte Kiff, Jr. is alleged in Count One to have conspired with the other defendants, he was properly charged in the same indictment. *See United States v. Moser*, 123 F.3d 813, 828 (5th Cir.) ("Under Rule 8(b) of the Federal Rules of Criminal Procedure, the initial joinder of the appellants for trial was legitimate because they were charged with having conspired with each other."), *cert. denied*, 522 U.S. 1035, 118 S.Ct. 642, 139 L.Ed.2d 620 (1997). Additionally, the joinder of Nolte Kiff, Jr.'s drug counts (Counts 13, 14, and 15) with his conspiracy count (Count 1) was proper under Rule 8(a) because a defendant may be charged in separate counts "with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

█ Defendants Fletcher and Rodrigue argue further that severance is appropriate under Rule 14(a), which provides that if the joinder of offenses or defendants "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." The Supreme Court explained in *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993):

Rule 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the crim-

inal justice system." They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." For these reasons, we have repeatedly approved of joint trials. But Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government.

\* \* \* \* \* \*

█ We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Id.* at 539, 113 S.Ct. 933. The court also noted that "[w]hen the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh*, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* at 539, 113 S.Ct. 933. The test for severance is "whether the jury could sort out the evidence reasonably and view each defendant and the evidence relating to that defendant separately." *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir.1990), *cert. denied*, 500 U.S. 934, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991). In *Rocha* five defendants were indicted for a variety of charges relating to a conspiracy to kidnap a seventeen year old boy. At trial the evidence revealed that the motive for the kidnaping was to force an individual named Rodriguez to pay one defendant, Padilla, for 30 kilograms of cocaine that Padilla had delivered to Rodriguez (the seventeen year old boy was Rodriguez' nephew). Evidence also

showed that Padilla had a large number of weapons at his home. The court nevertheless found that it was proper for the trial court to deny defendants' motion to sever Padilla's trial:

> The evidence admissible only against Padilla and unrelated to the conspiracy—for example, Padilla's drug transaction with Rodriguez and the arsenal of weapons in his home—clearly did not involve the other defendants, and the prosecutor did not attempt to attribute any responsibility for Padilla's other bad acts to any other defendant. Consequently, there is no reason to believe that the jury would be unable to separate the evidence as it was relevant to each defendant. The district court explicitly instructed the jury—before, during and after the evidence was presented—to consider each offense separately and each defendant individually. This cautionary instruction sufficiently enabled the jury to compartmentalize such evidence and prevent any spillover from tainting another defendant's case.

*Rocha,* 916 F.2d at 229. An important distinction is that in *Rocha* Padilla was not indicted for the cocaine transaction. *Rocha* is therefore not on all fours with the current case, but simply illustrates that just because the jury will hear about evidence of one particular defendant's bad acts outside the scope of the main conspiracy, this does not mandate the allegedly more culpable defendant's severance from the other defendants.

Applying the above standards, the court finds that Counts 13, 14, and 15 should not be severed, and denies defendants' motions. The jury can sort out the evidence and view these counts as pertaining only to Nolty Kiff, Jr. The court will give a limiting instruction.

## 4. Defendants Tommy Fletcher's and James Rodrigue's Motions to Dismiss Count One due to Multiplicity (Documents 50 and 84).

■ Defendants argue that Count One tries to impermissibly blend different conspiracies into one overarching conspiracy. They argue that, essentially, different conspiracies (one involving an armored car burglary, one involving rail car burglaries, and one involving business burglaries) have been charged in Count One.

■ "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Acosta,* 763 F.2d 671, 696 (5th Cir.), *cert. denied,* 474 U.S. 863, 106 S.Ct. 179, 88 L.Ed.2d 148 (1985). The Fifth Circuit has held that:

> To determine whether misjoinder occurred, we consider whether the indictment's allegations, taken as true, establish a single conspiracy or several. In so doing, we consider whether the alleged facts reveal a "substantial identity of facts or participants" sufficient to meet the requirements of Rule 8(b).

> \* \* \* \* \* \*

> That the indictment did not charge appellants with active participation in each phase of the conspiracy does not effect misjoinder. Nor need the indictment have charged that appellants knew all the participants or details of the conspiracy, so long as it alleged their knowledge of the conspiracy's essential nature.

*United States v. Metz,* 608 F.2d 147, 153 (5th Cir.), *cert. denied,* 449 U.S. 821, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980); *Acosta,* 763 F.2d at 696.

Taking the allegations of the indictment as true, the government has alleged a single conspiracy in Count One. Count One alleges that between December 1999 and February 2005, all of the defendants en-

gaged in a series of crimes. These crimes, each of which involved varying combination of defendants, occurred at various times during that four year span, and were ongoing during that time.

Defendants argue further that Count One actually involves four separate conspiracies (a conspiracy to rob an armored car, a conspiracy to rob railcars, a conspiracy to rob businesses, and a conspiracy to tamper with witnesses). Count One contains a substantial overlap among the defendants to these schemes. Johnny Jerome Krummel is alleged to have participated in the armored car robbery, the railcar burglaries, and the business burglaries. Nolty Kiff, Jr. is alleged to have participated in the armored car robbery, received goods stolen from the railcars, and threatened defendant Fitzgerald for cooperating with the FBI. Clint Kiff is alleged to have participated in the armored car robbery, the business burglaries, and the intimidation of Fitzgerald. Nolty Kiff, Sr. is alleged to have participated in the railcar burglaries, the business burglaries, and to have intimidated defendant Johnny Jerome Krummel and his wife from cooperating with the FBI. Tommy Fletcher is alleged to have participated in the railcar burglaries and business burglaries. Joseph Krummel is alleged to have participated in the armored car robbery and the business burglaries. Jesse James Krummel is alleged to have participated in witness intimidation. Ricky Fitzgerald is alleged to have participated in the railcar burglaries. Colbey Rodrigue is alleged to have participated in the railcar burglaries and in the intimidation of Fitzgerald. James Rodrigue is alleged to have participated in the railcar burglaries and the intimidation of witnesses. Daphne Gilbert is alleged to have participated in the armored car robbery and in the intimidation of witnesses, and to have lied to the grand jury about the robbery.

Because of the substantial overlap in the crimes charged and the defendants charged with committing each crime, Count One properly charged one conspiracy, and is not duplicitous. Accordingly, defendants' motion to dismiss count one is denied.

### 5. Defendant Daphne Gilbert's Motion for Severance at Trial (Document 103).

■ Gilbert argues that she was improperly joined with the other defendants under Rule 8(b), and alternatively that severance should be granted under rule 14(a).

■ Rule 8(b) provides that an indictment may "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Because Gilbert is alleged in Count One to have conspired with the other defendants, she was properly charged in the same indictment. Additionally, Rule 14(a) provides that if the joinder of offenses or defendants "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." Severance is only appropriate under Rule 14(a) if there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933. Applying these standards, the court finds that the charges against Gilbert should not be severed from those against the other defendants. The jury can sort out the evidence pertaining only to Gilbert's alleged guilt, and the court will give the appropriate limiting instruction. Gilbert's motion to sever is denied.

### 6. Defendant Daphne Gilbert's Appeal of Detention Order (Document 78).

■ 18 U.S.C. § 3142, "Release or detention of a defendant pending trial," provides that a person facing trial "shall" be detained if there is "no condition or combination of conditions" that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at 3142(e). Subsection (g) of this statute states that courts making this determination should consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Considering the factors identified in § 3142(g), the court finds that Gilbert should be released pending trial, and the decision of the magistrate judge is reversed. Gilbert has no criminal record, and there is no evidence that her history or characteristics justify detention. The government does not argue that the weight of evidence against Gilbert supports her detention. The government argues that Gilbert is a flight risk because after her alleged crimes she traveled to Mississippi, purportedly because of the FBI's investigation. However, Gilbert accompanied her fiancé to Mississippi following a job change, and returned when their relationship ceased. Her two young daughters went with her, and now reside in the same apartment complex as Gilbert's mother. She has maintained employment at a local hospital to support her children. Gilbert returned before being indicted, and the government presents no evidence that she concealed her location in Mississippi or was otherwise absconding from justice. The court has also considered both the nature and circumstances of the offenses charged, which include an allegation of witness tampering,[2] and the alleged danger to the community posed by Gilbert's release because of these charges. *See United States v. LaFontaine,* 210 F.3d 125, 134 (2d Cir.2000). However, the court finds that this does not, standing alone, justify her detention.

Therefore, an unsecured bond is hereby set at $500,000.00, and Gilbert will be allowed to cosign for this bond with her mother. A special condition of bond is that she not have any contact with Rachel Garrison.

### C. Conclusions.

The Motions to Dismiss Indictment Based on Multiplicity filed by Tommy Fletcher and James Rodrigue are denied. The Motions to Dismiss Count One for Failure to State an Offense filed by Tommy Fletcher and James Rodrigue are denied. The Motions to Sever Counts 13, 14, and 15 filed by Tommy Fletcher and James Rodrigue are denied. The Motions to Dismiss Count One Based on Multiplicity filed by Tommy Fletcher and James Rodrigue are denied. The Motion for Severance at Trial filed by Daphne Gilbert is denied. The Appeal of Detention Order filed by Daphne Gilbert is granted.

---

**2.** Gilbert is alleged to have told a coworker that if she did not keep quiet "she would take them away from her family."